MURRAY McCONNEL, Plaintiff in Error, *v.* GEORGE STREET *et al.*, Defendants in Error.

### ERROR TO MORGAN.

A party, who holds land under paper title, purporting to convey the same, and pays taxes for seven successive years, will be protected.

That the title of a party originated in good faith, and that he holds under it, will be presumed until the contrary is shown.

Good faith, (under the act of 1839, to quiet possession,) is understood to be the opposite of fraud, and of bad faith; and its non-existence must be established by proof.

THIS cause was heard by WOODSON, Judge, by consent, without the intervention of a jury, who decided that Street and the others had, and that McConnel had not, a good title to the lot of land in question, and rendered judgment accordingly. The opinion of the court sets out the facts in the case.

M. McCONNEL, *pro se.*

D. A. SMITH, for Defendants in Error.

SKINNER, J. Street, Harlin and Street, in 1853, brought ejectment against McConnel to recover fractional lot six in Jacksonville.

Plea, not *guilty;* trial by the court, and judgment for plaintiffs.

The plaintiffs proved that the land, upon which the lot was laid out, was patented to one Arnétt; a deed for the lot from Arnétt to the county of Morgan, executed in 1825, and duly acknowledged and recorded on the day of its date; and the plaintiffs proved title in them, derived from the county of Morgan, by several *mesne* conveyances, and that McConnel was in possession at the time of the commencement of the suit.

McConnel proved a deed of quit-claim of land covering the

lot in controversy, from Arnétt to him, executed in 1835, duly acknowledged and recorded on the day of its date, and conveying all "the right, title, claim and interest" of Arnétt in the land described therein; that he took possession of the lot in 1836, and had occupied the same (without actual residence thereon) from that time until the commencement of the suit; that the lot had not been sold for taxes since he took possession of the same; that after the execution of the deed from Arnétt to McConnel, Governor Duncan laid out an addition to the town of Jacksonville, which extended over a portion of the original plat of Jacksonville, and that lot one of this addition covered all of the lot in controversy except a few feet which were left out to widen an alley on the south side of the lot; that he had paid all taxes assessed on the lot, either by the description of "fractional lot six in Jacksonville," or of "lot one in Duncan's addition to Jacksonville," for the years 1845, 1846, 1847, 1848, 1849, 1850 and 1851, the lot having been assessed sometimes by one and sometimes by the other of said descriptions.

The only question for determination, is, whether the plaintiffs' action is barred by the possession of McConnel under his paper title, and payment of taxes for seven successive years, by operation of the first section of the act of 1839, entitled "An act to *quiet possessions, and confirm titles to land.*"

McConnel had actual possession of, and paid all taxes assessed on, the land for seven successive years, and, under paper title, *purporting* to convey to him the lot.

The description used in assessing, and according to which he was compelled to pay the taxes, could not prejudice his rights, so that he paid all taxes legally assessed thereon for the seven years; nor could the addition to the alley of a strip off the side of the lot, thereby dedicating its use to the public, affect his rights to the extent of his possession *in fact.*

His possession was adverse, and the deed under which he held, in connection with the patent to Arnétt, purported to vest in him the title to the lot, and in the absence of the prior deed from Arnétt to the county of Morgan, his title was paramount. That his title originated in *good faith*, and that he held under his paper title, will be presumed until the contrary is proved. Fraud is not to be presumed, but must be proved.

"*Good faith*," within the meaning of this statute, I understand to be the opposite of *fraud* and of *bad* faith; and its nonexistence, as in all other cases where fraud is imputed, must be established by proof.

That the paper title of McConnel is "color of title," within the meaning of this statute, there can be no question.

We hold that the possession under the paper title, and payment

of taxes for seven successive years, is a bar to the plaintiffs' action. *Woodward* v. *Blanchard,* 16 Ill. 424; *Laflin* v. *Herrington,* ibid. 301.

<em>Judgment reversed.</em>