NOAH COOK *et al.*

*v.*

ROBERT SINNAMON.

1. PLEADING AND EVIDENCE—*variance.* A declaration in ejectment which counted upon the title being in Martha Reason alone, is not supported by a patent to "Martha Reason and the other heirs at law of James Reason, deceased," without evidence that Martha Reason is the sole heir at law of James Reason.

2. Conveyances—*construction of.* Where a grant is to one by name, and the other heirs at law of one deceased, all the heirs of the latter take a share of the estate as fully as if specially named in the grant or as if the same were to the heirs of the deceased without specifically naming any of them.

Writ of Error to the Circuit Court of Hancock county; the Hon. Joseph Sibley, Judge, presiding.

This was an action of ejectment, and the declaration contained three counts; the first, alleging title in Noah Cook, the second in Noah Cook and Martha Reason, the third in Martha Reason alone. The only evidence offered was a patent to "Martha Reason and the other heirs at law of James Reason, deceased."

The court below gave judgment for defendant, and the plaintiffs bring the case here to reverse that judgment. ·

Messrs. Browning & Bushnell, for the plaintiffs in error.

Mr. H. W. Draper, for the defendant in error.

Mr. Justice Lawrence delivered the opinion of the Court:

In this case the third count in the declaration was in the name of Martha Reason, alleging seizin in her, and the only question is, whether a patent from the United States "to Martha Reason and the other heirs-at-law of James Reason, deceased," was evidence upon which judgment should have been given for the plaintiff under that court, no proof besides the patent being offered. We entertain no doubt that the circuit court decided correctly in holding the evidence insufficient. The patent recites that "Martha Reason and the other heirs-at-law of James Reason, deceased, having deposited in the general land office a warrant in their favor, numbered 15,766, there is granted unto the said Martha Reason and the

other heirs-at-law of James Reason, deceased, late a private "
&c. All the heirs of the soldier were equally entitled to share
in this grant, and they all took under this patent as if they
had been each specially named, or as if the patent had run to
the heirs of James Reason, without specifically naming any of
them. In order to recover under this patent it is necessary to
show what heirs James Reason left. This patent vested in
Martha Reason some unknown fraction of the legal title, as is
to be presumed from its own face, since the grant is to her
and her co-heirs. If it were made to appear by proof that
she was in fact the only heir, then the words relating to the
other heirs would be rejected as surplusage. But in the
absence of any such proof, she must be considered as raising
the presumption by her own evidence, that James Reason left
other heirs besides herself, and in the absence of all proof as
to the number of such heirs, it is impossible to determine the
extent of her interest.

In this view of the evidence it is unnecessary to decide the
question of practice raised by counsel.

*Judgment affirmed.*