CAROLINE KEPPEL *et al.*

*v.*

GUSTAV DREIER *et al.*

*Opinion filed October 19, 1900.*

1. BURNT RECORDS—*right of a cross-petitioner to prove seven years' possession—limitations.* In a proceeding to establish title under the Burnt Records act, a cross-petitioner may prove seven successive years' possession and payment of taxes under color of title where the facts relied upon are fully set out in his answer, even though the answer makes no reference to the Statute of Limitations.

2. COLOR OF TITLE—*notice of adverse claims is not bad faith.* Good faith in the acquirement of color of title does not require ignorance of adverse claims or of defects in the title.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

GEORGE F. ORT, (MALCOLM A. CAMERON, of counsel,) for plaintiffs in error.

PINCKNEY, TATGE & ABBOTT, (LOUIS DANZIGER, of counsel,) for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

On February 27, 1897, Caroline Keppel filed in the circuit court of Cook county a petition under the Burnt Records act to establish title to sub-lots 17 and 27 in the subdivision of lots 2, 3, 4 and 5, block 45, in the canal trustees' subdivision of the south-east quarter of section 21, township 39, north, range 14, east of the third principal meridian, Cook county, Illinois. A cross-petition by Gustav Dreier and Elizabeth Dreier, and answers and replications, having been filed, the case was tried and a decree entered finding Gustav Dreier to be the owner in fee simple of said premises, and Caroline Keppel and Rosina Noll have sued out this writ of error.

The petitioner, Caroline Keppel, claims title to said premises in fee simple, (subject to the dower therein of Rosina Noll, widow of Henry Noll, deceased,) by descent from Henry Noll, her father, who derived title to said premises on August 13, 1864, by warranty deed from Andrew Baier and wife and by *mesne* conveyance from the United States, Henry Noll having died intestate on February 25, 1867, leaving said Caroline Keppel (formerly Caroline Noll) him surviving as his sole and only heir-at-law. The cross-petitioner, Gustav Dreier, claims to be the absolute owner of said premises in fee simple as a purchaser thereof from Elizabeth Dreier, his wife, through Ferdinand Strassenburg, on September 6, 1879. On the trial of said cause it was conceded that the title to said lots 17 and 27 stood of record in the name of Henry Noll at the time of his death, February 25, 1867, and that he left him surviving Rosina Noll as his widow and Caroline Keppel (formerly Caroline Noll) as his sole and only heir-at-law.

On the trial of said cause the cross-petitioner, to establish and maintain title in himself, offered in evidence a warranty deed from Ferdinand Strassenburg bearing date September 6, 1879, conveying the premises in question to Gustav Dreier, which deed was duly acknowledged and recorded in the recorder's office of Cook

county, Illinois, on September 19, 1879, in book 946 of records, page 406; a warranty deed from Elizabeth Dreier (formerly Elizabeth Noll) and Gustav Dreier, her husband, bearing date September 6, 1879, conveying the premises in question to Ferdinand Strassenburg, which deed was duly acknowledged and recorded in the recorder's office of Cook county, Illinois, on September 19, 1879, in book 352 of records, page 319; a warranty deed from Barbara Noll bearing date August 4, 1874, conveying the premises in question to Elizabeth Noll, which deed was duly acknowledged and recorded in the recorder's office of Cook county, Illinois, on August 5, 1874, in book 386 of records, page 393; a deed from Benjamin D. Magruder, master in chancery of the superior court of Cook county, Illinois, bearing date August 23, 1873, conveying the premises in question to Barbara Noll, which deed was duly acknowledged and recorded in the recorder's office of Cook county, Illinois, on August 25, 1873, in book 239 of records, page 196, and which deed recites that the same is made pursuant to the decree of the superior court in case of *Noll* v. *Pollak et al.;* a certified copy of the record in the case of *Noll* v. *Pollak et al.*, consisting of a bill filed June 21, 1873; summons to Joseph Pollak, Henry H. Gage, William K. Wells, John Forsyth, Rosa Noll, Caroline Elizabeth Noll and all persons whom it may concern, with return thereon showing service upon Henry H. Gage, William K. Wells and John Forsyth; affidavit of non-residence of Rosa Noll and Caroline Elizabeth Noll; notice to Rosa Noll and Caroline Elizabeth Noll, together with certificate of publication of such notice filed April 24, 1873; order of default of Caroline Elizabeth Noll, Rosa Noll and others; order of reference entered August 5, 1873; master's report and testimony filed August 21, 1873, and decree of the court in that case entered August 21, 1873; also, tax receipts showing the payment of all taxes on said premises for the years 1879 to 1896, inclusive, by Gustav Dreier, for the years 1874 to 1878, inclusive, by

Elizabeth Noll, and for the year 1873 by Barbara Noll; also, testimony tending to show that Gustav Dreier had been in possession of said premises from September 6, 1879, down to the time of the filing of the petition herein, that Elizabeth Noll had been in possession thereof from August 4, 1874, down to September 6, 1879, and Barbara Noll from the time of the death of Henry Noll to August 4, 1874.

The case of *Noll* v. *Pollak et al.* involved the title to these lots, and the plaintiffs in error were parties defendant thereto. The decree entered in said cause on August 21, 1873, established a fee simple title to said lots in Barbara Noll, a remote grantor of Gustav Dreier. If the court had jurisdiction the decree in that case is conclusive between the parties to this suit. It is claimed by plaintiffs in error that the court did not have jurisdiction and that said decree is void.

Gustav Dreier, for the purpose of establishing his title and ownership, read in evidence and relied upon the deed from Ferdinand Strassenburg bearing date September 6, 1879, as color of title, and made proof of seven years' possession and payment of taxes under such deed. If the proof shows that Gustav Dreier had been in the actual and continued possession of said premises under claim and color of title made in good faith for seven successive years, and during all that time had paid all taxes legally assessed thereon, it becomes wholly immaterial whether the proceedings in *Noll* v. *Pollak et al.* conformed to the law or not. "Every person in the actual possession of lands or tenements, under claim and color of title, made in good faith, and who shall, for seven successive years, continue in such possession, and shall also, during said time, pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title." Hurd's Stat. 1897, chap. 83, sec. 6, p. 1048.

It clearly appears from the record in this case that Gustav Dreier took possession of said lots 17 and 27 on September 6, 1879, under the deed from Ferdinand Strassenburg. The two lots were in fact one piece of land with two frontages, with a house on each frontage. Gustav Dreier lived in one house and rented the other, collecting the rents himself. He continued in such possession from September 6, 1879, until the time of the bringing of this suit. He paid all taxes legally assessed thereon during that time and claimed to be the owner thereof.

It is contended, however, by plaintiffs in error, that the defendant did not plead this statute, and therefore is precluded from relying on that defense. While it may be true he made no reference in his answer to this particular statute, he did set out in full the facts upon which he relied as a defense, and the proof upon the hearing fully sustained the same. This was sufficient. In the case of *Coward* v. *Coward,* 148 Ill. 268, the court say (p. 274): "Conceding that the deed from Folts to Matilda Coward did not pass a paramount title, yet that deed purporting to convey the lot to her, under the uniform ruling of this court was color of title, and seven successive years' possession and payment of taxes under color of title is a bar to a recovery in an action instituted by the party holding the paramount title, unless such person is under disability, which is not the case here. But it is said in the argument that the defendant has not pleaded *laches* or the Statute of Limitations, and hence she is precluded from relying on that defense. The defendant is not relying on the *laches* of the complainant or a statute of limitations which may be pleaded in bar of an action. That is not her position, as we understand the record. The complainant claims to be the owner of the lot in controversy and seeks to set aside two deeds under which defendant claims title. The defendant, on the other hand, claims to be the absolute owner of the lot, and for the purpose of establishing her title and ownership she read in evi-

dence a deed from Folts to herself, which is color of title, and makes proof of seven years' possession and payment of taxes under such color of title, which, under the law, establishes title in herself. Under the act of 1839, where the right of entry and right of action are lost by operation of the statute, the party in possession is conclusively presumed to be the owner. (*Faloon* v. *Simshauser*, 130 Ill. 649.) Where the bar of the statute has become absolute, as in this case, and the party entitled to hold the land is in possession, the title acquired and held under the Statute of Limitations is as available for attack as defense, and it may be asserted against all persons claiming the land. (*Hale* v. *Gladfelder*, 52 Ill. 91; *McDuffee* v. *Sinnott*, 119 id. 449; *Gage* v. *Hampton*, 127 id. 87.) The defendant had the right to prove that she was the owner of the property and held an absolute title. Whether that title was derived under the Limitation act of 1839, or whether she acquired and held title in some other manner, was a matter of no consequence to the complainant,—in other words, it was her right to establish title in any manner she could. In an action at law, where the defendant relies on title acquired and held under the limitation laws of the State, he is not required to plead the limitation laws in order that he may establish, by proof, his title on trial, and we are aware of no well settled rule which requires a defendant to plead the limitation laws to enable him to establish title thereunder in a suit in equity."

It is further contended by plaintiffs in error the defendant did not acquire his title in good faith. The court, in the case already referred to, on page 275 say: "But it is said the defendant did not acquire title in good faith. There is good faith where there is no fraud and the color of title is not acquired in bad faith. (*McConnel* v. *Street*, 17 Ill. 253; *Stubblefield* v. *Borders*, 92 id. 279.) Good faith in the acquirement of title, within the meaning of the statute, does not require ignorance of adverse claims or defects in the title. Notice, actual or constructive, is

of no consequence. (*Chickering* v. *Failes*, 26 Ill. 507; *Dickenson* v. *Breeden*, 30 id. 279; *McCagg* v. *Heacock*, 34 id. 476; *Coleman* v. *Billings*, 89 id. 183; *Piatt County* v. *Goodell*, 97 id. 84.) There may be good faith notwithstanding actual notice of existing claims or liens, or knowledge of legal defects which prevent the title of which there is color, from being absolute.—*McCagg* v. *Heacock, supra; Brian* v. *Melton*, 125 Ill. 647." There is no evidence in this record which shows that the defendant acquired title in bad faith. The deed which he held from Strassenburg purported on its face to convey to him title. He was guilty of no fraud in procuring it. He believed his deed passed to him the title, and we think he acquired title to said premises under said deed in good faith. *Coward* v. *Coward, supra.*

The decree of the circuit court will be affirmed.

*Decree affirmed.*