This is a boundary line dispute. The appellant frames the issue here as follows:
 "Whether a party can specifically plead that a boundary line between a coterminous landowner is a section line and subsequently have the boundary line established solely on a claim of adverse possession without regard to the section line and without prior notice to the defendant." Unquestionably, plaintiff did allege that:
 "4. Plaintiffs aver that the true boundary line separating their property from that of the defendant is the Eastern Boundary line of Section 26, Township 16, Range 3 East, which said boundary line is marked by a fence that has been on the premises for more than thirty-two years." [Emphasis added]. Defendant answered this allegation with:
 "Defendant admits the allegations in paragraph 4 of said complaint except the portion averring that the boundary line is marked by a fence that has been on the premises for more than thirty-two years which Defendant denies and demand strict proof thereof."
The court decreed:
 "From the testimony and the other evidence introduced in said cause, the Court finds that the fence line as shown in the defendant's Exhibit 1, a copy of said exhibit being attached hereto and made a part hereof as if fully set out herein, and marked `Encroachment Fence' on said exhibit has been established for more than twenty five years and recognized as the Eastern Boundary line of the plaintiffs' property as described in the complaint.
 "The Court also finds from the testimony and other evidence that the fence once extended and was established to the Northern boundary line of the plaintiffs' and defendant's property.
 "The Court finds that the plaintiffs have used their property and cared for said property up to the fence for more than twenty five years. From other testimony, it appears that said fence has been generally recognized within the community as the dividing line between the plaintiffs' property and the defendant's property for more than twenty five years."
The "encroachment fence" referred to in the order is obviously not on the government survey line; therefore, it is quite apparent that the court determined that the "encroachment fence" had been established as the boundary by adverse possession.
When plaintiffs rested, the following colloquy occurred:
 "MR. THOMPSON: Judge, before I get into our evidence, I want to make one objection. I came into Court based on the notice contained in the complaint. The complaint sets out where the property line is as being the eastern boundary of the Gann's which is pointed out in the complaint as being the western boundary of Mrs. Hingle's property. There is no allegation containing the adverse possession. I came into Court prepared to locate that particular line, but the evidence coming in tends to lean toward adverse possession, and I object on that basis.
"THE COURT: Well, what is the objection?
 "MR. THOMPSON: Well, if the decision of this Court is going to be based on adverse possession as opposed to where that section line is, than I have had inadequate notice.
 "THE COURT: You mean if you are going to plead adverse possession, you have to specifically plead it?
 "MR. THOMPSON: No, sir, not at all. I believe it is indirectly mentioned in there, but there has been no allegation that it was open, notorious, continuous, adverse, etc. I believe Mr. Robinson's complaint sets out that the fence has been the boundary line . . . *Page 24 
 "THE COURT: That is what . . the complaint says: `The plaintiffs aver that the true boundary line has separated their property as the eastern boundary line of Section 26, Township 16, Range 3 East, which said boundary line is marked by a fence and has been on the premises for more than thirty-two years.' That would be along the eastern section line of Section 26, it would be along the east boundary line of the northeast of southeast and the western boundary line, as I understand the pleadings, of the defendant's land would be in the northwest of southwest of Section 27 . . or Section 25.
"MR. ROBINSON: That's correct.
"THE COURT: Well, I overrule the objection."
There was no specific objection made during plaintiffs' presentation of evidence that there was a variance between the allegations and the proof.
Obviously, this case is an example where a pre-trial conference, with attendant pre-trial order, could have settled the exact issue for trial. We are convinced, however, that the question of plaintiffs' ownership to the "encroachment fence" was presented as an issue, if not by the complaint, then by the parties, at trial.
This method of framing issues is not commended, even with "notice pleading," but we do not reverse. After reviewing the entire record, we think that any error which occurred was harmless. Rule 45, ARAP. We reach this result, in part, because of the rule announced by this Court in Simon v. Snyder,279 Ala. 70, 181 So.2d 885 (1966):
 "Section 3, Title 47, Code of Alabama 1940, relating to suits to determine boundary lines between adjoining landowners provides among other things:
 `The court shall determine any adverse claims in respect to any portion of the land involved which it may be necessary to determine for a complete settlement of the boundary lines * *.'
 "In his answer the respondent denied the averment in the bill that the north line of complainant's property as described in the complaint was the true boundary line.
 "This general denial put in issue the true location of the north boundary line, Rushton v. McLaughlin, 213 Ala. 380, 104 So. 824, which the complainant Simon had himself prayed the court to establish.
 "Since under the doctrine of our cases a defendant in an action at law may defend on adverse possession or prescription under a plea of the general issue, we know of no rule requiring a respondent in a suit in equity to plead the defense of limitations to enable him to establish such defense. See Keppel v. Dreier, 187 Ill. 298, 58 N.E. 386."
We note also that both the plaintiffs and the defendant, in their complaint and counterclaim respectively, asked for damages for "trespass." The final decree of the trial court makes no mention of these claims. Since we accept the decree entered as final, and since there was no Rule 54 (b) certification entered, we determine that each claim for money damages has been denied.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.