ON APPLICATION FOR REHEARING
INGRAM, Presiding Judge.
On application for rehearing, the plaintiff, Lamar Holloway, d/b/a Woods Painting and Decorating (Holloway), contends that this case should not be dismissed as untimely filed. He argues that the December 22, 1988, judgment was not a final judgment. Rather, he argues that the trial court’s order of May 23,1989, was the final judgment and that, therefore, the appeal is properly before this court. We disagree.
The record, in pertinent part, reveals the following: Billy M. Cosper, Sr., d/b/a Cos- *304 per Construction Company (Cosper), is a licensed general contractor in the State of Alabama. In 1986, the City of Gadsden executed a contract with Cosper to construct four community recreational facilities. Cosper then entered into a subcontract with Holloway for labor and materials for a painting job on all four facilities. Holloway performed portions of the work until April 1987, at which time he ceased further performance under the contract. The agreed contract price for the entire work was $31,240, of which Cosper has paid to Holloway $13,500.
Holloway then filed suit against Cosper and United Pacific Insurance Company (United) for $18,500 plus interest and attorney fees. United had issued a bond assuring Cosper’s performance as a public work contractor, as required by Ala.Code 1975, § 39-1-1. The trial court heard the evidence and found that Holloway was prevented from the opportunity to fulfill the terms of the contract. However, the trial court found that Holloway had completed 45 percent of the total project and was entitled to compensation by Cosper. This amounted to $14,868, less the $13,500 which was previously paid by Cosper. An order was then entered granting a judgment in favor of Holloway and against Cosper in the sum of $1,368 plus interest. This order was dated December 22, 1988. On January 20, 1989, Cosper paid the monetary judgment, interest, and costs. Holloway filed a motion for a “new trial” on January 13, 1989. He also filed a motion for attorney fees. Holloway then filed his notice of appeal to the supreme court on May 3, 1989. The procedural chronology then Took an unusual turn when the trial court entered an “amended order” on May 23, 1989. However, this was during a period of time that, it appears, the trial court had lost jurisdiction for two reasons. First, pursuant to Rule 59.1, Alabama Rules of Civil Procedure, Holloway’s post-trial motions were denied by operation of law. Second, Holloway had appealed the case to the supreme court.
As noted above, Holloway contends that the December 22, 1988, order was not final and, therefore, that the time to appeal had not run. It is Holloway’s contention that the December 22, 1988, order did not decide all of the issues for all of the parties since no specific ruling was made against United.
The relationship of principal (Cosper) and surety (United) is the relationship accepted by a person liable for the payment of money or the performance of an act by another and who is liable to suffer loss in the event of the failure of such other person to pay or perform. However, this liability is terminated at once, fully and completely, if such other person does pay or perform. 72 C.J.S. Principal and Surety § 2. Furthermore, an action brought against the surety (United) before the breach of a contract covered by the bond is premature. 72 C.J.S. Principal and Surety § 193.
Here, there was a factual dispute over the amount of compensation due to Holloway from Cosper. The agreed upon price in the contract was for the completed job. However, Holloway, for whatever reason, did not complete the job. Cosper had paid Holloway approximately $13,500, but Holloway alleged that he was entitled to more. As noted above, the trial court found that Holloway had completed 45 percent of the work and that Cosper owed Holloway an additional $1,368.00 and entered a judgment accordingly. Cosper then paid Holloway.
In view of the factual circumstances surrounding this case, we find that, even though the trial court made no specific mention of United in its December 22,1988, order, any claim against United was deemed denied. See Hingle v. Gann, 368 So.2d 22 (Ala.1979). Clearly, any liability on United’s part would come into play only if Cosper failed to pay as ordered, and this did not occur. Therefore, we find that the December 22, 1988, order was a final judgment, and the case is due to be dismissed as set out in the original opinion of this court dated March 7, 1990.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
*305 RUSSELL, J., concurs.
ROBERTSON, J., not sitting.