The Housing Authority of the City of Chickasaw (HACC), appeals from an award of $465,540.09 entered in favor of CBE, Inc. (CBE), in a construction contract dispute. This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975[1].
On January 18, 1991, CBE and HACC entered into a construction contract for the renovation of the HACC administration building, 213 residential rental units, and an arts and craft building all located in Chickasaw. The contract specified that the project was to be completed within 560 calendar days from the start date of February 25, 1991. The project's approved completion date was extended to October 1992. The project was not complete until January 22, 1993. The reasons for the delay in completing the project were disputed. CBE alleges that the delay was caused in part because HACC did not inspect any residential units between February 21 and March 23, 1992. CBE presented evidence that HACC failed to inspect a unit within the three-day contract requirement, thereby causing CBE significant workflow difficulties and delay in completing the project as scheduled. Also, during the 1991 winter holiday season a number of tenants were out of town, and several tenants objected to relocating to allow their units to be renovated. CBE was responsible for handling the physical relocation of residents during renovations.
The contract set forth all specifications for the renovations. The contract contained a liquidated damages clause allowing $950 per day for each day of delay beyond the approved completion date. It also specified procedures for changes, equitable adjustments, timely inspections, time extensions, damages for delay, and the specifications for the work to be completed.
CBE sued HACC for breach of contract, claiming damages of $629,750.70, to compensate for cost overruns, lost profit, overhead, and $199,400.70 as the balance remaining on the contract. However, during the trial, CBE's president testified that the total amount of damages claimed was $465,540.09, which included the balance due on the contract of $199,400.70, plus the cost overruns of $122,532.73, and a 2% overhead and 5% profit totaling $143,606.66.
HACC counterclaimed for $950 per day, as liquidated damages, for the 90 days that the project was delayed, plus $27,894.16 for expenses. CBE filed a motion to dismiss the counterclaim, and the trial court denied that motion. Evidence regarding the counterclaim was presented at the trial. Each party claims that the other party was responsible for the delay. The court entered an order on June 10, 1994, stating:
 "This matter was [tried] ore tenus. Based upon the evidence, the Court finds and ORDERS that the plaintiff have and recover of the defendant the sum of FOUR HUNDRED SIXTY-FIVE THOUSAND FIVE HUNDRED FORTY 09/100 ($465,540.09) DOLLARS. The Court specifically does not award interest to the plaintiff."
HACC appeals.
First, HACC contends the trial court erred by not ruling on HACC's counterclaim. HACC argues that the trial court failed to rule on its counterclaim, because the counterclaim is not specifically addressed in the judgment. The record shows that a great deal of testimony regarding the counterclaim was presented at trial. Generally, in order to be final, a judgment should dispose *Page 1221 
of all issues raised in the action, including counterclaims.Bowman v. Integrity Credit Corp., 507 So.2d 104 (Ala.Civ.App. 1987); Hingle v. Gann, 368 So.2d 22 (Ala. 1979), see generally
49 C.J.S. Judgments § 43 at 102 (1947). However, where a judgment is rendered for one party for the total amount claimed and the judgment is silent as to the counterclaim of the other party, then the judgment will be deemed final. Hingle v. Gann, 368 So.2d at 24. We hold that the trial court denied HACC's counterclaim by awarding CBE a judgment for the full amount of damages claimed. We find no error in the trial court's failing to specifically deny HACC's counterclaim in its June 10, 1994, judgment.
As to HACC's claim for liquidated damages, there was sufficient evidence presented for the trial court to determine that the liquidated damages clause was a penalty. During the trial, HACC admitted that the liquidated damages provision was a penalty. We hold that the court, in awarding the entire amount of damages claimed by CBE, implicitly either found that HACC was responsible for the delay or concluded that the liquidated damages portion of the counterclaim was a penalty and was therefore unenforceable.
A liquidated damages provision in a construction contract will be enforced for each day of delay beyond the completion date, so long as the liquidated damages clause is not a penalty. Cove Creek Dev. Corp. v. APAC-Alabama, Inc.,588 So.2d 458 (Ala. 1991). In Alabama, "penalty provisions are void as against public policy." Milton Construction Co. v. StateHighway Dep't., 568 So.2d 784, 789 (Ala. 1990). "[A] penalty has been defined as a security for performance designed to punish one party for breach of the contract." MiltonConstruction, 568 So.2d at 790. If a liquidated damages provision is designed to provide just compensation for the breach, then it is not a penalty. Id. at 789.
Next, HACC contends that the trial court erred in allowing a change order and/or an equitable adjustment that did not conform to the requirements of the contract. HACC argues that the $266,139.39 claimed by CBE for damages, profit, and overhead amounts to an equitable adjustment and/or a change order and, as such, must conform to the contract.
CBE argues that $266,139.39 does not represent an equitable adjustment, but only damages. CBE asserts that it is entitled to the claimed damages because HACC was responsible for the delay in completing the project. CBE presented evidence of the following: that HACC suspended residential inspections during the months of February and March 1992; that HACC's harsh inspection standards, which required 100% perfection, rather than the industry standard of substantial compliance, before a unit was accepted, caused delays; that HACC failed to provide 17 units per month for renovation, thereby disrupting CBE's work-flow and causing the delay and CBE's cost overruns.
We find no abuse of discretion in the award of $266,139.39 as damages to CBE for HACC's delay in completing the contract. We agree with CBE's argument that the controlling provisions of the contract were those that dealt with delay, and that there was sufficient evidence to support a finding that HACC caused the delay and, therefore, was liable to CBE.
Based on the above reasons we affirm the trial court's judgment awarding damages on the complaint and denying the counterclaim.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES and CRAWLEY, JJ., concur.
[1] That Code section allows the Alabama Supreme Court to transfer certain cases to the Alabama Court of Civil Appeals to review.