This case began in the Circuit Court of Morgan County, Alabama, with the filing of a divorce petition by Paul Cole (father) against Diane Cole (mother) and a temporary hearing in January 1986. A judgment of divorce and child custody was entered by the court on May 5, 1986, after oral hearing for some three days. The judgment was eleven pages in length and specific in detail as to custody of the child of the marriage, Cindy, age ten, and as to division of real and personal property. Custody of Cindy was divided, with legal custody in the Morgan County Department of Pensions and Security (DPS) until February 1, 1987. Physical custody was divided until August 1, 1986. On that date, physical custody was to be given to the mother. Unless altered by the court, both legal and physical custody of Cindy were to be merged in the mother on February 1, 1987. From the length and detail of the judgment, it is evident that the court expected difficulty in its enforcement. This court has seldom seen a more valiant effort to avoid future problems. However, as we shall relate, the attempt to prevent future actions was for naught.
Within three days after entry of the written judgment, the mother moved to alter or amend it and petitioned for a finding of contempt of the father for violation of previous orders of the court. The court entered temporary orders after conference with counsel and set the motion and petition for hearing. Hearing was held and judgment entered amending the May 5, 1986, judgment. The father was found to have testified falsely to the court and to have willfully and contemptuously violated orders of the court. Other and continuing matters were constantly before the court until August 20, 1986.
On that date the father filed a petition to remove the physical custody of Cindy from the home of the mother, alleging that it had been reported to DPS and to the Decatur police that Cindy had been sexually molested by the brother of the mother. The mother answered, denying the allegations of sexual molestation. She counterclaimed, alleging violation by the father of an order of the court for delivery to her of personal property. She asked for an order of contempt. The respective petitions were set for oral hearing on November 10, 1986.
On November 11, 1986, the court entered another lengthy but explicit judgment, denying the petition of the father for physical custody of Cindy and finding the father in intentional and willful contempt of court. The judgment further terminated all rights of the father to visit or in any manner communicate with Cindy for a period of ten months. The father was ordered to pay the mother $4,000 as payment for property *Page 1335 
which he had been previously ordered to deliver to her. An award of $1,200 was made to the mother for an attorney's fee. From that judgment the father has appealed.
The first issue presented is whether the judgment of the trial court denying custody of Cindy to the father is so unsupported by the evidence as to constitute an abuse of discretion. The second issue is whether the termination of the father's rights to visitation and communication with Cindy is also so unsupported by the evidence as to be an abuse of discretion. As each of these issues relates to the sufficiency of the evidence, we will address them together.
We have pointed out the intensity of this matter over a period of nearly one year. There can be no doubt as to the thorough familiarity of the court with all the circumstances of the case. We have carefully studied the transcript of the evidence. In particular, we have read the judgment of the court as it stated much of the material evidence and reached conclusions therefrom. We must say that we are profoundly impressed by the patience and thoroughness exhibited by the distinguished trial judge, who has presided over domestic relations cases for more than fifteen years. The evidence fully supports the findings of the judge as stated in his written judgment. In his judgment the judge found that the child Cindy had problems which the father largely caused. The father has taught her to lie, steal, deceive, be disrespectful to authority, and to breach ties with her mother. He concludes that Cindy's relationship with her father has been extremely damaging to her emotional and mental welfare. It is his judgment that the relationship should be terminated in all respects for a period of ten months so that Cindy may be free from his influence. This court finds the record to fully support these findings and conclusions.
The burden of proof to show circumstances for a change of custody is upon the petitioner. Finkenbinder v. Burton,477 So.2d 459 (Ala.Civ.App. 1985). The only basis for a change of custody alleged by the father was that Cindy had been sexually molested while in the custody of her mother. He not only failed to prove the truth of the allegation, but the allegation was refuted by Cindy herself. There was evidence that the father had caused Cindy to make the charge. We opine that it is unnecessary here to cite the legion of cases asserting the broad discretion of the trial court in child custody cases. There has been no abuse of that discretion in the denial of custody to the father.
Neither was there an abuse of discretion in the temporary termination of rights to visitation or communication. There is ample authority for the exercise of such power by the trial court. Laurent v. Laurent, 434 So.2d 266 (Ala.Civ.App. 1983);Fricks v. Fricks, 428 So.2d 80 (Ala.Civ.App. 1983). The evidence clearly showed that the father's conduct was detrimental to the emotional well-being of Cindy. The judgment of the one who is most familiar with the circumstances and who is charged with the duty to aid the child is always presumed to be correct when reviewed on appeal. Fassina v. Fassina,401 So.2d 113 (Ala.Civ.App. 1981).
The third issue presented is whether the award of attorney fees to the mother was an abuse of discretion. There is no contention on the issue that the court had no authority to grant an attorney's fee, but rather that the court could not grant such fee without proof of reasonableness. The contention is incorrect. Clearly, there is authority for granting an attorney's fee in modification of custody cases. Hammond v.Hammond, 500 So.2d 27 (Ala.Civ.App. 1986); Bell v. Bell,443 So.2d 1258 (Ala.Civ.App. 1983).
The court may also grant attorney fees in enforcement proceedings by contempt if the court finds the husband in contempt. Ala. Code (1975), § 30-2-54. The trial court may award attorney fees in a divorce or modification case without proof of reasonableness. Ray v. Ray, 379 So.2d 627
(Ala.Civ.App. 1980); Robinson v. Robinson, 381 So.2d 637
(Ala.Civ.App.), cert. denied, 381 So.2d 641 (Ala. 1980). *Page 1336 
The last issue is whether the award of the sum of $4,000 to the mother for the value of personal property granted to her in the original divorce decree but not delivered to her by the father is supported by the evidence. We find that the award is supported as to the value by testimony and an exhibit prepared by the father himself. The presumption of the correctness of the judgment of the trial court must prevail. That judgment is affirmed in all respects. The mother is granted an attorney's fee of $1,000 for services rendered on appeal.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. This opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.