THIGPEN, Judge.
This case involves post-minority support.
Audrey Lores Gabel (mother) and Dwight Lores (father) divorced in 1976, and custody of the minor child was awarded to *1366 the mother. Although the divorce judgment did not originally order the father to pay child support, that judgment was subsequently modified so as to order him to pay child support. The mother later petitioned the trial court, prior to the child’s nineteenth birthday, requesting post-minority support for the child’s college education expenses, citing Ex parte Bayliss, 550 So.2d 986 (Ala.1989), to support her position. After receiving ore tenus evidence, the trial court denied the mother’s request; hence, this appeal.
On appeal, the mother requests that this court not apply the ore tenus standard. She argues that the trial court misapplied the law to the facts. Additionally, she argues that the trial court openly expressed disagreement with the Bayliss holding; however, this statement does not appear in the record and the mother failed to properly supplement the record to support her contentions. Rule 10(d), Alabama Rules of Appellate Procedure (A.R.App.P.) She also argues that the trial court made a comment at the end of the hearing that she deemed inappropriate.
It is well settled that when evidence is presented ore tenus, as in this case, the trial court’s judgment is presumed correct and will not be reversed unless it is unsupported by the evidence and is plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App.1986). Additionally, the issue of child support is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. Brannon v. Brannon, 477 So.2d 445 (Ala. Civ.App.1985).
The Bayliss decision expanded the equity powers of Alabama courts to allow them to order divorced parents to provide for the post-minority educational expenses of their children upon proper application and after consideration of the appropriate factors. The trial court exercises its discretion, based on such factors as the parent’s financial resources and the child’s aptitude for the requested education, to determine whether to order post-minority child support. Bayliss, supra. “Whether the trial court requires the parent to provide or aid in providing the cost of a post-minority college education is a matter of judicial discretion after considering all relevant factors.” Mansmann v. State ex rel. Eiland, 590 So.2d 308, 309 (Ala.Civ.App. 1991).
In the instant case, the trial court declined to increase the father’s support obligation or to extend it beyond the child’s minority. The record reveals that the child received a partial scholarship award for college expenses, that the child works part-time, and that the mother and her current husband financially assist the child. Record evidence reveals that the child chose to reside on university property and to dine there although the mother’s home is approximately a fifteen-minute drive to the campus. Still further evidence revealed that the child has an automobile and that the mother and her husband financially assist the child with automobile insurance and other various automobile expenses.
The trial court had evidence regarding the college and living expenses and the cost prospectus from the child’s college, as well as evidence regarding the father’s ability to pay. There is evidence in the record that both parents desired for the child to attend college, regardless of the divorce; however, that evidence conflicts regarding any plan for the payment of college expenses. The trial court had ample conflicting evidence upon which to base an informed judgment. Such conflicts in evidence are to be resolved by the trial court, and its judgment is presumed correct if supported by the evidence. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App.1989). The mother’s argument that this court should disregard the ore tenus rule is simply without merit. We will not address the mother’s contentions regarding possible inappropriate or biased comments by the trial court. Even if the trial court made an inappropriate comment, there is ample evidence supporting the trial court’s judgment, and any error was harmless. Rule 45, A.R.App.P.
Following our careful and thorough review of the record, we conclude that the trial court did not abuse its discretion in denying post-minority support, and we con- *1367 elude that the trial court was not clearly and palpably wrong in its decision. The decision of the trial court is supported by record evidence, and it is due to be affirmed.
The mother’s request for attorney fees is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.