627 So.2d 441 (1993)
Ann Wilson WESLEY
v.
William Earl WESLEY, Sr.
2910677.
Court of Civil Appeals of Alabama.
April 30, 1993.
Rehearing Denied June 25, 1993.
*442 George R. Irvine III of Stone, Granade, Crosby & Blackburn, P.C., Bay Minette, for appellant.
J.N. Montgomery, Jr., of Stringer, Montgomery & Montgomery, Talladega, for appellee.
YATES, Judge.
The trial court entered an order in July 1986 divorcing the parties and incorporating their settlement agreement into the final decree. It subsequently entered several post-divorce orders. The former wife appeals from the trial court's order of April 8, 1992. We affirm in part and reverse in part.
The original decree, which incorporated an agreement of the parties, provided that the former wife have the care, custody and control of the parties' minor children and that the former husband pay child support in the amount of $2,700 per month. The former husband agreed to maintain hospitalization insurance for the former wife and children and to pay all medical and dental expenses incurred by the former wife and children not covered by insurance. The former husband further agreed to pay all the children's college expenses until October 1, 1989, and after that date the parties agreed to share equally the college expenses. The former wife was granted all rights to the marital residence located in Talladega, Alabama. Finally, the former husband agreed to pay to the former wife a $60,000 property settlement in lieu of alimony, which represented her interest in Wesley Concrete Company, Inc.
In November 1986, apparently the children were residing with the former husband, and a separate agreement concerning the children was executed by the parties. The parties agreed child support payments would *443 return to $2,700 if the minor children moved back with the former wife. If the children stayed with the former husband, however, child support payments would be reduced to $1,490 per month. After September 1, 1987, the payments were to be reduced to $600 per month, and payments would cease upon the earlier of either the remarriage of the former wife or May 30, 1989. This monthly payment was to be made regardless of whether the children were in the former wife's custody and was specifically designated child support, rather than alimony.
In June 1987 the parties executed a lease agreement. The former wife agreed to lease the marital residence to the former husband for the sum of $450 per month from October 1987 through June 1988.
The former husband filed a petition for modification in October 1987. The former wife filed a motion for summary judgment and subsequently filed an answer and counterclaim, alleging that the former husband failed to make the payments under the lease agreement. The trial court entered an order on March 11, 1988, on the former husband's petition, finding a substantial change in circumstances, ordering monthly child support payments to be reduced to $300 per month, and requiring the former wife to file a verified statement documenting monies expended on the children. The court made no finding concerning the former wife's counterclaim as to the lease agreement. The former wife filed a motion for new trial or rehearing but did not mention the failure of the court to rule on the former husband's failure to pay under the lease agreement.
On December 4, 1989, the former wife filed a petition for rule nisi. The parties reached an agreement concerning only the issues raised in this petition and the court incorporated the agreement into its order of February 16, 1990. Again, no mention was made as to the former wife's counterclaim.
A final judgment disposing of all issues was entered on April 8, 1992. The trial court in the April 8 order stated "there currently exists a number of issues which the parties desire for the Court to rule upon. It is the expressed desire of both parties to this litigation as well as the desire of this Court to rule upon all claims and counterclaims made by either party for any reason and to finally and completely conclude all present, past and future claims so that it will not be necessary for the parties to be involved in any future litigation between themselves." The court further stated "[t]he court having not granted the relief prayed for in its order of March 11, 1988, the plaintiff's counterclaim is, therefore, deemed denied."
We note that the judgment of the trial court is presumed correct and will not be reversed unless it is shown to be plainly and palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988).
The former wife first contends that the trial court erred in determining that the claim for past due rent was barred as a result of the court's order of March 11, 1988. The former wife, in her answer and counterclaim to the former husband's petition for modification, raised the issue of the past due rent. The trial court, in its order of March 11, 1988, made no mention of this issue, and it was only in its final judgment of April 8, 1992, that this issue was addressed.
Rule 54(b), A.R.Civ.P., provides:
"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis supplied.) *444 Bowman v. Integrity Credit Corp., 507 So.2d 104, 105 (Ala.Civ.App.1987), applies Rule 54(b), A.R.Civ.P., and states that a judgment against fewer than all the parties or claims does not terminate the action and is "subject to revision or correction at any time prior to the entry of a judgment which does terminate all claims or rights of the parties." (Emphasis supplied.)
The former wife argues that the order of March 11, 1988, was interlocutory in that it did not address her counterclaim. She further argues that the court retained jurisdiction and in its final order of April 8, 1992, ruled upon all claims and counterclaims made by either party. As a result, she claims the trial court's basis for denying the claim for rental payments in the April 1992 order is erroneous.
The trial court in this instance relied on Hingle v. Gann, 368 So.2d 22 (Ala.1979), in its denial of the past due rental payments. We note the court in Hingle simply states that it accepts the decree entered as final but cites no authority upon which it based its acceptance. Based on Rule 54(b) and Bowman, we hold the trial court in its April 8 order should have considered the claim for past due rental payments.
The former wife next contends that the trial court erred in refusing to modify the divorce decree to relieve her of the responsibility of paying part of the post-secondary education costs. She claims that her income and ability to earn have decreased substantially and that she is financially unable to meet this obligation. This court recently found "the general principles concerning child support to be equally applicable to [an Ex parte Bayliss, 550 So.2d 986 (Ala.1989),] motion for postminority college support." Berry v. Berry, 579 So.2d 654, 656 (Ala.Civ. App.1991). And, when a material change of circumstances occurs, the court may always, in its discretion, modify an award of child support. Ebert v. Ebert, 469 So.2d 615 (Ala. Civ.App.1985). Therefore, we hold that awards of post-secondary child support may be modified, just as other awards of child support are modified.
In the present case, the former wife, after agreeing to share in the costs of the child's post-secondary education, voluntarily retired, thereby reducing her income. A parent's obligation to pay child support may be based on a demonstrated ability to earn, rather than a deliberate choice to reduce or terminate their income. Johnson v. Johnson, 597 So.2d 699 (Ala.Civ.App.1991). We find no abuse of discretion in the trial court's refusal to relieve the former wife of the responsibility of post-secondary education for the minor children.
The former wife finally contends that the trial court erred in not ordering the former husband to return personal property missing from the homeplace after the expiration of the lease, or to pay the alternate value. In the original divorce decree, the former wife was awarded "all right, title, and interest in and to the real estate and home of the parties ... and all right, title, and interest in and to the contents located therein."
The former wife submitted to the Court a list of items she claimed were missing after the former husband vacated the premises, along with a stated value for each. The former husband testified he took the porch swing, the riding lawn mower, and bathroom fixtures out of the house, and he does not dispute the values that the former wife placed on these items. The trial court told the former husband to make available to the former wife the piano, silver service, and dough bowl, which the former husband also admitted were in his possession. The court stated it "can only speculate as to what happened to the missing items, if in fact they are missing."
This court in Cole v. Cole, 507 So.2d 1333 (Ala.Civ.App.1987), held that it was proper to grant to the former wife the value of personal property that was awarded to her in the original divorce decree as long as the value was supported by the evidence. The former husband here admitted that he removed certain items and did not dispute the value of these items. Therefore, we hold that the trial court erred in not ordering the former husband to return the stated items or pay their undisputed value.
*445 Based on the above, the trial court's judgment is affirmed in part and reversed in part, and the cause is remanded with instructions for the trial court to consider the former wife's claim for past due rental payments and to require the former husband to return the items the former husband admitted removing from the marital residence or to pay to the former wife their undisputed value.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs in part, and dissents in part.
THIGPEN, J., concurs in part, and dissents in part.
ROBERTSON, Presiding Judge, concurring in part and dissenting in part.
The record reflects that, during the litigious history of this case, a judgment was entered on February 16, 1990, which resolved all the "obligations that were due as of October 1, 1989." I concur to the affirmance in part; however, I dissent to the reversal in part, because it goes behind the October 1, 1989, date in the 1990 judgment.
THIGPEN, Judge, concurring in part and dissenting in part.
I respectfully dissent only from that part of Judge Yates's opinion regarding the items the husband admitted removing from the wife's house during the lease. It appears to me that Cole v. Cole, 507 So.2d 1333 (Ala.Civ. App.1987), is factually distinguishable from the instant case because there, the husband was ordered to pay the wife "for the value of personal property granted to her in the original divorce decree but not delivered to her." Cole at 1336.
In the instant case, the trial court expressly found that the wife had access to the house following the divorce and there is ample evidence to support that finding. The wife's own testimony confirmed that she was in possession and control of the house and its furnishings following the divorce. Further, she did not complain that items, which were granted to her in the divorce, were not delivered. Her complaint involved items that she alleged that the husband removed during the lease term. While principles of equity and fairness could support a ruling which required the husband to return or compensate the wife for items he removed during the lease, the legal principle espoused in Cole, supra, simply does not apply.
Additionally, here the trial court had abundant testimony from both parties regarding the wife's possession and control of the house and its furnishings following the divorce, during the lease period, and afterwards. There was testimony that the wife and the children resided in the home for approximately one month following the divorce. There was testimony that during the lease, the wife came with a moving van and removed many items from the house, including some items that the husband testified to purchasing after the divorce. She also testified that some of the missing items were items she had brought back to the house.
When questioned, the wife testified that she noticed certain items were missing when the husband vacated the home after the expiration of the lease, and that she began to compile a list of missing items at that time. The husband testified that he knew the whereabouts of some of the items on the wife's list, but that he had no idea of the whereabouts of many of the items. He also stated that he did not know whether the items were even at the house when the divorce was granted.
This judgment was desired by the parties and the court to finally end this protracted litigation. The record is replete with evidence regarding the irrational behaviors of both parties following the divorce. It appears that both parties took possessions belonging to the other. The trial court, seeking to balance the equities, may have simply determined that the parties were equal in this "taking" game, except for the items enumerated in the order. The record evidence supports that determination. For this court to alter that decision requires that we reweigh the evidence and reevaluate the credibility of the parties. Etheridge v. Yeager, 465 So.2d 378 (Ala.1985); Seifert v. Houlditch, 583 So.2d 274 (Ala.Civ.App.1991). I *446 would affirm the trial court's judgment regarding this issue; therefore, I must respectfully dissent.