I respectfully dissent only from that part of Judge Yates's opinion regarding the items the husband admitted removing from the wife's house during the lease. It appears to me thatCole v. Cole, 507 So.2d 1333 (Ala.Civ.App. 1987), is factually distinguishable from the instant case because there, the husband was ordered to pay the wife "for the value of personal property granted to her in the original divorce decree but not delivered to her." Cole at 1336.
In the instant case, the trial court expressly found that the wife had access to the house following the divorce and there is ample evidence to support that finding. The wife's own testimony confirmed that she was in possession and control of the house and its furnishings following the divorce. Further, she did not complain that items, which were granted to her in the divorce, were not delivered. Her complaint involved items that she alleged that the husband removed during the lease term. While principles of equity and fairness could support a ruling which required the husband to return or compensate the wife for items he removed during the lease, the legal principle espoused in Cole, supra, simply does not apply.
Additionally, here the trial court had abundant testimony from both parties regarding the wife's possession and control of the house and its furnishings following the divorce, during the lease period, and afterwards. There was testimony that the wife and the children resided in the home for approximately one month following the divorce. There was testimony that during the lease, the wife came with a moving van and removed many items from the house, including some items that the husband testified to purchasing after the divorce. She also testified that some of the missing items were items she had brought back to the house.
When questioned, the wife testified that she noticed certain items were missing when the husband vacated the home after the expiration of the lease, and that she began to compile a list of missing items at that time. The husband testified that he knew the whereabouts of some of the items on the wife's list, but that he had no idea of the whereabouts of many of the items. He also stated that he did not know whether the items were even at the house when the divorce was granted.
This judgment was desired by the parties and the court to finally end this protracted litigation. The record is replete with evidence regarding the irrational behaviors of both parties following the divorce. It appears that both parties took possessions belonging to the other. The trial court, seeking to balance the equities, may have simply determined that the parties were equal in this "taking" game, except for the items enumerated in the order. The record evidence supports that determination. For this court to alter that decision requires that we reweigh the evidence and reevaluate the credibility of the parties. Etheridge v. Yeager, 465 So.2d 378
(Ala. 1985); Seifert v. Houlditch, 583 So.2d 274
(Ala.Civ.App. 1991). I *Page 446 
would affirm the trial court's judgment regarding this issue; therefore, I must respectfully dissent.