THIGPEN, Judge.
This ease involves child support.
In August 1992, Wanda Gail Miller Sullivan (mother) filed a petition for rule nisi, alleging that Robert Glen Abernathy (father) was not complying with a November 1991 modification order which, inter alia, had ordered him to pay two-thirds of the post-minority educational expenses of their daughter, Teresa. The father filed an answer and a counter-claim, alleging a change in circumstances and, inter alia, requesting the court to clarify and modify the prior order. After a hearing, the trial court ordered the mother to file evidence of her current earnings. The mother responded by filing affidavits and documentation regarding her income and the amounts she claimed to have paid to Carnegie Mellon University on behalf of Teresa. The trial court entered an order in January 1993, requiring the father to pay two-thirds of the actual cost of tuition, room, board, books, and fees for the daughter while she was attending Carnegie Mellon and requiring the daughter to provide the father with a release allowing the father to file her future medical insurance claims. The court denied all other relief sought by the father. The mother filed a post-judgment motion accompanied by her affidavit regarding the amount she claimed to have paid to Carnegie Mellon. Ultimately, the trial court entered a judgment against the father in the amount of $5,386.52. His post-judgment motions were denied; hence, this appeal.
The father first contends that the trial court erred in entering the judgment of $5,386.52 against him, because he says there was no evidence to support a judgment in that amount. The record discloses that the trial court considered evidence of the daughter’s college expenses, including statements of her student account and the mother’s affidavit claiming that she had “incurred liability for and paid the sum of $8,079.78” in educational expenses. The judgment of $5,386.52 against the father is two-thirds of the amount the mother claims to have paid. The father presented nothing to rebut the amounts the mother claimed to have paid. A trial court has the inherent authority to enforce its own judgments. Patchett v. Patchett, 469 So.2d 642 (Ala.Civ.App.1985). Our review of the record discloses evidence supporting the trial court’s judgment, and, therefore, we find no error in regard to the amount of the judgment.
The father next contends that the trial court erred in ordering him to pay child support and medical expenses for Teresa after she reached the age of majority. The general rule is that a trial court has no jurisdiction to require a parent to provide support for a child once that child has reached the age of majority; however, there are two recognized exceptions to that rule. Whitten v. Whitten, 592 So.2d 183 (Ala.1991). The first exception is that a trial court may order such support “when the adult child is so mentally and/or physically disabled as to be unable to support himself.” Ex parte Brewington, 445 So.2d 294, 296 (Ala.1983). The second exception involves post-minority support for college expenses where application is made before the child reaches majority. Ex parte Bayliss, 550 So.2d 986 (Ala.1989).
The father testified that Teresa was 18 years old at the time of the hearing on his petition to modify, and it appears from the record that she reached the age of majority — 19—in July 1993. Although there was evidence that Teresa has diabetes, there was absolutely no evidence presented that she was so physically disabled that she was unable to support herself. Brewington, supra. Furthermore, considering the trial court’s order regarding college expenses, it does not appear that the trial court considered the monthly support order to be in the nature of Bayliss support. Accordingly, the trial court was without authority to order monthly child support and the payment of medical expenses beyond minority. Therefore, we must reverse that portion of the judgment, and remand this cause for the trial court to enter an order relieving the father of any obligation to pay child support and medical expenses after the child reached the age of majority.
The father’s final contention is that the trial court erred in failing to reduce his *72 post-minority support obligation. When the trial court initially ordered the father to pay two-thirds of Teresa’s college expenses, Teresa’s plans were indefinite, but the trial court considered the approximate costs of the colleges she was considering. In the absence of exact figures, the trial court entered an order requiring the father to pay two-thirds of Teresa’s college expenses.
We have previously determined “the general principles concerning child support to be equally applicable to a Bayliss motion for post-minority college support.” Berry v. Berry, 579 So.2d 654, 656 (Ala.Civ.App.1991). Child support and subsequent modifications are matters that rest within the sound discretion of the trial court, and its judgment will not be reversed absent a showing that it abused its discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). A child support order may be modified only upon the showing of a material change in circumstances that is substantial and continuing, and the burden is on the party seeking the modification. Holliday v. Holliday, 590 So.2d 335 (Ala.Civ.App.1991). The father failed to meet his burden of showing such a change in circumstances. See Wesley v. Wesley, 627 So.2d 441 (Ala.Civ.App.1993). Accordingly, the trial court properly refused to modify the prior support.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result only.