THIGPEN, Judge.
The parties involved in this post-minority support case have previously been before this court in a related case. See Abernathy v. Sullivan, 646 So.2d 70 (Ala.Civ.App.1994).
In November 1994, Wanda Gail Miller Sullivan (mother) again petitioned for a rule nisi, contending that Robert Glen Abernathy (father) had faded to pay his court-ordered post-minority support, that he was $15,376.67 in arrears for the 1992-93 academic year, and that he should be held in contempt. The father answered and filed a counterclaim seeking to reduce his support obligation. After ore tenus proceedings in March 1995, the trial court, inter aha, found that the father was not in contempt, entered a judgment for the mother for $9,990.15, and amended the prior judgment to reduce the father’s obligation. After the father’s post-judgment motion was denied, he appealed. Although he raises two issues, the dispositive issue is whether the trial court erred in ordering the father to fulfill his court-ordered obligation to financially assist in paying his daughter’s post-minority educational expenses.
Specifically at issue is a November 5,1991, modification order that states, in pertinent part:
“A. The [father] shall be responsible for two-thirds (⅜) of the costs of tuition, books, room, board and fees while the minor child of the parties ... is enrolled as a full-time student in a 4-year college ... provided, however, that the said [daughter] ... shall keep her father informed of her scholastic progress by tendering a copy of her quarterly or semester grades to the father by certified mail, return receipt requested within ten (10) days of her receipt of the same....
“B. It is further ORDERED that the [father] shall reimburse the [mother] for the costs of tuition, books, room, board and fees not covered by any grant, scholarship or award in the amount established above within ten (10) days after being presented with evidence of the costs of said expenditures by certified mail, return receipt requested.
“C. It is further ORDERED that the father’s obligations under this Order shall terminate without further order of this Court upon the first to occur of the following events; ... 4. [If the daughter fails] to provide the [father] with copies of her college grades on a timely basis.”
The father argues on appeal that his obligation to partially assist his daughter in meeting her college expenses was terminated when he did not receive the expense requests and her grades in the manner prescribed by the trial court’s order. He also argues that the requests were untimely, and therefore, barred by laches, citing Golightly v. Golightly, 474 So.2d 1150 (Ala.Civ.App.1985).
*941 A trial court’s determination based upon ore tenus evidence is presumed correct and will not be reversed absent an abuse of discretion. Entrekin v. Entrekin, 627 So.2d 955 (Ala.Civ.App.1993). Furthermore, the matter of post-minority support rests soundly within the discretion of the trial court after consideration of the appropriate factors. Gabel v. Lores, 608 So.2d 1365 (Ala.Civ.App.1992); see also Ex parte Bayliss, 550 So.2d 986 (Ala.1989). It is the duty of the trial court to resolve conflicts in the testimony, and the deference given to the trial court in this regard is due, in part, to its unique position to see and hear something that may not be readily apparent on the face of a written record. See Terry v. Terry, 660 So.2d 996 (Ala.Civ.App.1995).
The mother testified that initially she had sent notice for their daughter’s college expenses directly to the father, and that after he failed to respond, she sent further requests for payment to her attorney for transmission to the father’s attorney. She admitted that after the first semester, she did not follow the trial court’s order regarding presentation of expenses to the father by certified mail. She testified that, except for the grades of the most recent semester, which she brought to the hearing, she had sent their daughter’s grades to the father by certified mail, although she did not retain receipts for verification. The mother also testified that the father refused ■ repeated requests by her and the college for financial information needed regarding his daughter’s scholarship eligibility.
The father testified that he had made one payment of $5386.52, and that he had not received any other requests for payment and had not received any grades except for the fall 1992 term. It is noteworthy that this payment was the subject of the earlier appeal, and that apparently, in order to require the father to meet that obligation, the mother had to seek the assistance of the trial court by filing a petition for a rule nisi. Abernathy v. Sullivan, 646 So.2d 70.
The father testified that, since March 1993, he has received nothing to indicate that his daughter was still in college. He further testified that he was not employed, and that his income had decreased dramatically since the November 1991 judgment. He testified that he draws only retirement and disability benefits, and that it is therefore impossible for him to pay the requested amount. He further testified that had he known that his daughter was still in college, one available option to assist with her education expenses would have been to use his VA benefits. This court is not unsympathetic to a parent’s claim that he or she is not being kept informed and feels excluded from decisions regarding a child’s college experience. See Brown v. Short, 588 So.2d 468 (Ala.Civ.App.1991). Here, however, it appears that this father is establishing a pattern of refusing to meet his court-ordered financial obligation, yet complains that he is not being informed regarding his daughter’s college experience. See Abernathy v. Sullivan, 646 So.2d 70.
Our review of the record reveals that the trial court carefully weighed the conflicting testimony of the parties regarding their willingness to adhere to the trial court’s previous order and regarding their present financial situations. While there may be some evidence to support the contentions of both parties, the trial court’s decision is supported by the evidence, and the father has failed to disclose any abuse of discretion or to demonstrate error. Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and MONROE, J., concur.