PER CURIAM.
This is a child-support-modification case.
Sonja E. West (“the mother”) and Patrick J. West (“the father”) were divorced on April 10, 2002. Three children — two sons and a daughter — were born of the marriage. The mother retained primary physical custody of the children, and the father received visitation. On September 12, 2002, the mother petitioned the circuit court to hold the father in contempt for his failure to comply with the court’s order to pay overdraft fees on the parties’ bank account. She also requested postminority support for their 18-year-old son, who then enrolled at Wallace Community College in the fall of 2002. The father timely answered and counterclaimed, alleging, in part, that he had been awarded in the divorce judgment a horse, a saddle, tack, and a truck toolbox that had not been delivered by the mother, and that the mother had alienated the children against him. He requested that the court find the mother in contempt for her failure to deliver the aforementioned property and for her failure to facilitate visitation. He further requested that his obligation to make child-support payments be suspended until such time as the mother and the children complied with court-ordered visitation and that the mother pay his attorney fees and costs. The mother timely answered the counterclaim. Following a proceeding on December 19, 2002, at which evidence was presented ore tenus, the court entered an order, which reads, in pertinent part:
“The matters before the court are [the mother’s] petition for clerk’s deed, for contempt, and college expenses; and [the father’s] counterclaim for certain items of personal property not delivered to him ordered under the divorce decree.
[[Image here]]
“[The father] is allowed a credit totaling $1,100 against his child support at $50 per month due to the issue regarding the truck tool box and the equipment relating to the horses. [The mother’s] petition in regard to college expenses is denied as there appears to be no relationship between the minor child ... and his father.
“Each party shall be responsible for their own attorney’s fees and litigation expenses herein.”
The mother appealed.
On appeal, the mother argues that the trial court abused its discretion in denying her request for postminority support based solely on the lack of a relationship between the child and the father.
Our standard of review in a case involving a modification of a child-support order is well-settled. Matters related to child support, including modifications of a child-support order, rest soundly within the trial court’s discretion and will not be disturbed on appeal, absent a showing that the ruling is not supported by the evidence and, thus, is plainly and palpably wrong. Berrykill v. Reeves, 705 So.2d 505 (Ala.Civ.App.1997); Williams v. Braddy, 689 So.2d 154 (Ala.Civ.App.1996).
“In Ex parte Bayliss, 550 So.2d 986 (Ala.1989), our supreme court held that the trial court has discretion whether to order postminority support at all, and that, in exercising that discretion, the trial court shall consider
“ ‘all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child’s commitment to, and aptitude for, the requested education.’
“Ex parte Bayliss, 550 So.2d at 987 (emphasis in original). In addition, the trial [court] may consider
*325 “ ‘the standard of living that the child would have enjoyed if the marriage had not been dissolved and the family unit had been preserved and the child’s relationship with his parents and responsiveness to parental advice and guidance.’

“Id.”

Stinson v. Stinson, 729 So.2d 864, 868 (Ala.Civ.App.1998).
In the present case, although there is no indication that the trial court considered the primary factors set out in Ex parte Bayliss in denying postminority support, we must affirm. The mother presented insufficient evidence of her financial resources, or her lack thereof, to support her contention that the older son should have been awarded postminority support. Ex parte Bayliss sets out the factors that a trial court must consider when awarding postminority support; however, a petitioner must provide a sufficient basis for making such an award.
The mother testified that she was a paraprofessional at Highlands Elementary School. She also submitted, and the court entered into evidence, proof that she had paid for the older son’s tuition and textbooks, which totaled $1,155.83. The father testified that he was a landscaper. No evidence of the father’s actual income or his ability to pay for the older son’s college expenses was presented to the trial court. In fact, he testified that he could not assist the older son with his college expenses because he was financially unable to do so, citing business losses. The father also testified that he lived with his parents for the same reason. Despite his alleged financial hardship, the father testified that he was current on his $613 per month child-support payments. We note that his only basis for requesting a reduction in his child-support obligation was that the children had not visited with him as ordered in the divorce judgment. Further, the record reflects that the older son was available to testify; however, the court declined to hear any testimony from him. Nevertheless, the mother testified that the older son lived with her, was enrolled at Wallace Community College, and was working full-time at Wal-Mart. She also stated that the son was enrolled in the National Guard and had received his first check from the National Guard for $104. She testified that the older son would have to leave school to fulfill his obligation to the National Guard but that he would return to finish his education.
The record also reflects that, although the older son was enrolled in college subsequent to the filing for postminority support, the mother presented insufficient evidence of his commitment to and aptitude for college.
Based on the foregoing, we cannot say that the trial court properly considered the primary factors set out in Ex parte Bayliss. However, we must affirm because the mother failed to produce evidence that warranted a postminority-sup-port award. The trial court’s basis for denying postminority support (i.e., the relationship between the father and the older son) was error.
“This court has repeatedly stated that the existence of a strained relationship between parent and child does not prevent the child from having the opportunity to obtain a college education.
“In Newman v. Newman, [667 So.2d 1362, 1368 (Ala.Civ.App.1994),] we stated:
“ ‘Evidence regarding the strained relationship between the father and the daughter disclosed that both the father and the daughter may have contributed to that poor relationship. This factor, alone, however, is insuffi- *326 dent to prevent the daughter from receiving assistance in going to college.’ ”
Stinson, 729 So.2d at 869 (citations omitted).
The judgment of the trial court is affirmed because the mother presented insufficient evidence upon which to base an award for postminority support.
AFFIRMED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.
THOMPSON, J., dissents.