THOMPSON, Presiding Judge.
 

 Michael Nelson (“the father”) appeals from a judgment ordering him to pay half of the parties’ child’s postminority educational expenses. Bobbie Robinson (“the mother”) was ordered to pay the other half of the child’s postminority educational expenses.
 

 The record indicates the following. On May 6, 2010, the mother filed a petition for modification of the father’s child-support obligation, seeking postminority educational support on behalf of the parties’ child, who graduated from high school that spring. The child reached the age of majority on June 2, 2010. On June 23, 2010, a hearing was held on the petition. At the outset of the hearing, the trial court asked the parties whether they believed the child had the ability and desire to go to college, and both parties agreed the child possessed the requisite ability and desire. The trial court also asked the father whether, if the parties had remained married, they would have “supported [the child] or helped her with college expenses?” The father said he would have assisted with those expenses. The trial court found that the mother had met the
 
 *981
 
 burden under
 
 Ex parte Bayliss,
 
 550 So.2d 986 (Ala.1989), discussed later in this opinion, to allow the child to receive postminority educational support.
 

 At that point, the father’s attorney noted that the father had not yet presented any evidence. The father testified that he is a construction worker and that his gross monthly income is $8,841.76. He said that he has monthly expenses of $8,858.70, including the payment on his mobile home and its furnishings, which he valued at $70,000. Including the mobile home, two older model vehicles, and his retirement account, the father estimated the total amount of his assets at $95,500. However, the father also presented evidence indicating that he owed $62,000 on the mobile home and $6,000 on one of the vehicles. He also owed $4,600 in credit-card debt, $3,600 in medical bills, and $2,000 to his retirement account. The father presented evidence of total debt of $78,200.
 

 The father said that he could not afford to pay for the child’s college education but that he was willing to continue to provide health-insurance coverage for her. He also said that he was willing to do what he could to assist the child with other expenses.
 

 The mother, who appeared pro se at trial, is a school-bus driver. She said that the child planned to live at home and attend Alabama Southern Community College (“ASCC”) in Monroeville. At the time of the June hearing, however, the child had not yet been notified that she had been accepted for the fall term at ASCC. The trial court continued the hearing until August 11, 2010, at which time the parties were to present evidence of the child’s anticipated college expenses. On June 25, 2010, the trial court entered an order that, among other things, found that the child had the desire and ability to attend college and that the parties would have assisted the child with college expenses had they remained married.
 

 At the August 11 hearing, the parties stipulated that the child had been accepted at ASCC. A letter from ASCC was submitted into evidence indicating that the child’s estimated tuition and fees for the fall term were $1,308. The letter also stated that the child had been awarded a Pell Grant of $2,775 for the term. The mother testified that the child’s books had cost $517 for the term.
 

 The mother testified that her gross monthly income is $1,448. She said that she had been a school-bus driver for 11 or 12 years and that she had no other job. However, she said, she had a certified-nursing-assistant license and a commercial driver’s license (“CDL”) that would allow her to drive “18-wheeler” trucks, but, she said, she had not made use of the CDL because when she earned the CDL, the child was small.
 

 On September 21, 2010, the trial court entered a judgment incorporating the findings it made after the June hearing and ordering the mother and the father to each be responsible for half of the child’s actual college expenses after scholarships and grants. The judgment stated that actual expenses included expenses for room, board, tuition, fees, and books. Because the child was going to continue to live at home with the mother, the trial court ordered the father to pay the mother half “of the average room and board costs listed on the web-sites of the University of Alabama and Auburn University.” The father timely appealed.
 

 The father contends that the evidence did not support the trial court’s award of postminority educational support for the child. Specifically, the father argues that the trial court erred in basing the costs of room and board on the cost incurred for a
 
 *982
 
 student attending Auburn University (“Auburn”) or the University of Alabama (“Alabama”) and not on what the child’s actual expenses for room and board will be. He also asserts that the mother failed to present evidence as to what those actual costs will be for the child while she is attending ASCC. In addition, the father asserts that the award subjects him to undue hardship.
 

 Our standard of review in this case is as follows:
 

 “ ‘When a trial court hears ore ten-us evidence, its judgment based on facts found from that evidence will not be disturbed on appeal unless the judgment is not supported by the evidence and is plainly and palpably wrong.
 
 Thrasher v. Wilburn,
 
 574 So.2d 839, 841 (Ala.Civ.App.1990). Further, matters of child support are within the sound discretion of the trial court and will not be disturbed absent evidence of an abuse of discretion or evidence that the judgment is plainly and palpably wrong.
 
 Id.
 
 ’
 

 “Spencer v. Spencer,
 
 812 So.2d 1284, 1286 (Ala.Civ.App.2001).”
 

 Taylor v. Taylor,
 
 991 So.2d 228, 232 (Ala.Civ.App.2008). Generally, the decision whether to award postminority educational support is within the discretion of the trial court based on its consideration of the factors set out in
 
 Ex parte Bayliss,
 
 supra.
 
 Gabel v. Lores,
 
 608 So.2d 1365, 1366 (Ala.Civ.App.1992). When the evidence regarding those factors is in conflict, the trial court’s factual findings are presumed correct.
 
 Abernathy v. Sullivan,
 
 676 So.2d 939, 941 (Ala.Civ.App.1996). However, the trial court’s legal conclusions and its application of the law to the facts are not clothed with such a presumption; review of those matters is de novo.
 
 Henderson v. Henderson,
 
 978 So.2d 36, 39 (Ala.Civ.App.2007).
 

 “The Supreme Court of Alabama set out certain factors for the trial court to consider when ruling on a petition for postminority [educational] support.
 
 See Ex parte Bayliss,
 
 550 So.2d 986 (Ala.1989).
 
 Bayliss
 
 clearly specifies those factors that shall, and those that may, be considered by the trial court when it is deciding whether to order support for postminority college education. In an award of postminority educational support for a child of divorced parents, the trial court ‘ “shall consider all relevant factors that shall appear reasonable and necessary, including
 
 primarily
 
 the financial resources of the parents and the child and the child’s commitment to, and aptitude for, the requested education.” ’
 
 A.L. v. B.W.,
 
 735 So.2d 1237, 1239 (Ala.Civ.App.1999);
 
 Thompson v. Thompson,
 
 689 So.2d 885, 887 (Ala.Civ.App.1997) (quoting
 
 Ex parte Bayliss,
 
 550 So.2d 986, 987 (Ala.1989)). The court suggested that trial courts also should consider ‘the standard of living that the child would have enjoyed if the marriage had not been dissolved and the family unit had been preserved and the child’s relationship with his parents and responsiveness to parental advice and guidance.’
 
 Id.
 
 at 987. The trial court must also determine if the noncustodial parent has ‘sufficient estate, earning capacity, or income to provide financial assistance without undue hardship.’
 
 Thrasher v. Wilburn,
 
 574 So.2d 839, 841 (Ala.Civ.App.1990). Undue hardship does not imply the absence of personal sacrifice, because many parents sacrifice to send their children to college.
 
 Id.”
 

 Penney v. Penney,
 
 785 So.2d 376, 378-79 (Ala.Civ.App.2000).
 

 This court has held that “ ‘[i]n child support cases the trial court is bound by the legal evidence or lack of it,’ and ‘[i]t may not speculate on the ability of the parties to pay nor on the needs of the children.’ ”
 
 *983
 

 Thomas v. Campbell,
 
 960 So.2d 694, 701 (Ala.Civ.App.2006) (quoting
 
 Berry v. Berry,
 
 579 So.2d 654, 656 (Ala.Civ.App.1991)). In
 
 Taylor,
 
 991 So.2d at 235, a case in which a father challenged the award of postminority educational support, this court remanded the cause for the trial court to “ascertain and declare the child’s postminority educational expenses, including expenses for tuition and fees,” and to determine the financial ability of the father to pay half of those “actual expenses.” In a footnote to that opinion, this court stated that, “[bjecause the child [would] be living with the mother while attending [community college], the trial court need not consider the costs of room and board.”
 
 Taylor,
 
 991 So.2d at 235 n. 1.
 

 In this case, the undisputed evidence indicated that the child intended to live with the mother while she attended ASCC. There was no evidence presented as to what the child’s living expenses might be. Nevertheless, the trial court ordered the father to pay the mother half of the room-and-board costs of a student attending Auburn or Alabama, as those costs are listed on each university’s respective Web site.
 
 [1]
 
 There is absolutely no evidence in the record to support a finding that the child’s expenses while living at the mother’s home will equal the cost of room and board as stated on those Web sites. Therefore, that portion of the trial court’s judgment ordering the father to pay the mother half of the cost of the room-and-board expenses of a student attending Auburn or Alabama is plainly and palpably wrong and is due to be reversed.
 

 The father also contends that the judgment ordering him to pay half of the child’s college expenses subjects him to undue hardship. The trial court’s judgment specifies that the mother and the father are each to be responsible for half of the child’s actual expenses “after scholarships and grants.” The evidence submitted at the August 11, 2010, hearing indicates that the child’s tuition and books for the fall term totaled $1,825. The evidence also indicates that the child had received a Pell Grant of $2,775 for the term. Therefore, after tuition and books were paid for, the child had a surplus of $950 for the term. As discussed, the record does not include evidence of any other actual expenses the child will incur. Because no other postminority educational expenses were proven at trial, there are no other expenses for which the father could possibly be made responsible. Accordingly, after the provision ordering the father to pay to the mother an amount for room and board equivalent to half of the cost of room and board at Auburn or Alabama is removed from the judgment, as previously discussed, we conclude that, based on the record before us, the father will not suffer undue hardship under the remaining provisions of the judgment. Because of this holding, we pretermit discussion of the father’s argument that the record includes insufficient evidence of the mother’s financial resources.
 

 
 *984
 
 For the reasons set forth above, we reverse that portion of the judgment ordering the father to pay an amount for room and board equivalent to half of the cost of room and board at Auburn or Alabama. The remainder of the judgment is affirmed. This cause is remanded for the trial court to enter a judgment consistent with this opinion.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Although the record did not contain the costs of room and board at Auburn and Alabama and although the trial court did not include those specific amounts in the judgment, we note that Auburn's Web site indicates that the cost of room and board for an undergraduate student who is an Alabama resident will be $9,992 for the 2011-2012 academic year.
 
 http://www.aubum.edu/ administration/business-office/finaid
 
 /pdf/ cost.pdf (visited on June 28, 2011). Alabama’s Web site indicates that the cost of room and board for an undergraduate student was $10,206 for the 2010-2011 academic year,
 
 http://financialaid.ua.edu/faq/costs.html
 
 (visited on June 28, 2011). A copy of these materials printed from the Web sites is in the case file of the clerk of the Alabama Court of Civil Appeals.