THOMAS, Judge.
On July 24, 2011, Sara Askew filed a complaint in the Tallapoosa Circuit Court seeking a judgment requiring James Michael Patterson to contribute to the post-minority educational expenses of the parties’ son, Joshua Aaron Patterson. A hearing was held on September 17, 2012. The circuit court entered its judgment on September 18, 2012, which required James to pay postminority educational support in the monthly amount of $509 for up to 4 years or until Joshua reached 23 years of *845 age, so long as Joshua maintained a “C average” as a full-time student.[1]
James filed a motion to alter, amend, or vacate the September 18, 2012, judgment on September 21, 2012. In his postjudgment motion, James contended that the circuit court could not properly award any amount of postminority educational support because, he said, the circuit court had heard undisputed testimony that he and Joshua were estranged, that Joshua’s grades were not consistent with an aptitude for a college education, that Joshua could have continued to attend Central Alabama Community College “with little or no cost,” that James would not have paid Joshua’s college expenses if James and Sara were married,[2] and that James did not have the financial ability to contribute to Joshua’s college education. The circuit court denied James’s post-judgment motion on September 25, 2012. James filed a timely appeal with this court on September 28, 2012, seeking this court’s review as to whether the circuit court erred because, he says, it is undisputed that the circuit court did not properly consider his financial resources, Joshua’s aptitude for a college education, his estranged relationship with Joshua, and whether James would have paid Joshua’s college expenses if the parties had married and remained married.
“Our standard of review in a case involving a modification of a child-support order is well-settled. Matters related to child support, including modifications of a child-support order, rest soundly within the trial court’s discretion and will not be disturbed on appeal, absent a showing that the ruling is not supported by the evidence and, thus, is plainly and palpably wrong. Berryhill v. Reeves, 705 So.2d 505 (Ala.Civ.App.1997); Williams v. Braddy, 689 So.2d 154 (Ala.Civ.App.1996).
“ ‘In Ex parte Bayliss, 550 So.2d 986 (Ala.1989), our supreme court held that the trial court has discretion whether to order postminority support at all, and that, in exercising that discretion, the trial court shall consider
“ ‘ “all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child’s commitment to, and aptitude for, the requested education.”
“ ‘Ex parte Bayliss, 550 So.2d at 987 (emphasis in original). In addition, the trial [court] may consider
“ ‘ “the standard of living that the child would have enjoyed if the marriage had not been dissolved and the family unit had been preserved and the child’s relationship with his parents and responsiveness to parental advice and guidance.”
“ ‘Id.’
“Stinson v. Stinson, 729 So.2d 864, 868 (Ala.Civ.App.1998).”
West v. West, 875 So.2d 323, 324-25 (Ala.Civ.App.2003).
*846 Sara testified that Joshua had been enrolled in Central Alabama Community College and had a grade point average (“GPA”) of 1.5 on a 4.0 scale. Joshua had transferred to Southern Union State Community College with the goal of applying for admission to Auburn University. Sara’s testimony that Joshua had a 1.5 GPA is the only evidence in the record regarding Joshua’s aptitude for a college education. Similarly, Sara’s testimony is the only evidence in the record regarding Joshua’s commitment to a college education. Sara testified that Joshua “dropped some classes,” and she admitted that dropping the classes required Joshua’s willingness to accept a grade of zero in the classes. Sara did not testify as to any reason, valid or otherwise, that Joshua had for dropping the classes. Thus, we determine that the evidence before the circuit court revealed that, after four semesters of undergraduate studies, Joshua had failed to demonstrate a commitment to, and an aptitude for, a college education.
Unless a trial court receives evidence indicating that a student is committed to, and has an aptitude for, the requested education, it may not award postminority educational support because the student’s commitment to, and aptitude for, the requested education is a primary consideration. See Ex parte Bayliss, 550 So.2d 986, 987 (Ala.1989). In this case, the circuit court failed to properly consider Joshua’s lack of commitment to, and aptitude for, a college education. The fact that the circuit court conditioned James’s payment of postmi-nority educational support on Joshua’s ability to “maintain a reasonable academic standard (‘C’ average)” does not alter our conclusion because, in this case, Sara failed to provide sufficient evidence to the circuit court that could indicate that Joshua had a commitment to, and an aptitude for, a college education. Therefore, the circuit court’s September 18, 2012, judgment is plainly and palpably wrong and we reverse the judgment.
Due to the dispositive nature of our determination of the issue addressed above, we pretermit discussion of James’s arguments that the circuit court did not properly consider his financial resources, his estranged relationship with Joshua, or whether he would have paid for Joshua’s college expenses if the parties had married and remained married. See Nelson v. Robinson, 74 So.3d 979, 983 (Ala.Civ.App.2011); Favorite Mkt. Store v. Waldrop, 924 So.2d 719, 723 (Ala.Civ.App.2005) (pre-termitting discussion of certain issues in light of dispositive nature of another issue).
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ„ concur.

. Ambiguous language in the September 18, 2012, judgment — requiring Joshua to "maintain a reasonable academic standard ('C' average)" — could refer to a single semester’s grade point average ("GPA”) or to a cumulative GPA. Because there was no evidence before the circuit court that Joshua ever had a semester or cumulative GPA above 1.5 on a 4.0 scale (on which a "C” average would correspond to a GPA of 2.0), we need not decide the import of the ambiguous language. See Lindenmuth v. Lindenmuth, 66 So.3d 267, 273 (Ala.Civ.App.2010).

. James and Sara were never married; however, postminority educational support is not restricted to the children of divorced parents. See Ex parte Jones, 592 So.2d 608, 610 (Ala. 1991).